UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER HOLLY,<br><br>   Plaintiff,<br><br>  v.<br><br>SALLY JEWELL,<br><br>   Defendant. | Case No. 16-cv-00011-DMR<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 29 |

  Plaintiff Roger Holly ("Plaintiff") is an African American man and a licensed minister in the Baptist Church who worked for the National Park Service until his termination on March 10, 2014. Plaintiff was terminated after performing a baptism in Aquatic Park on his lunch break.

  Plaintiff commenced this action alleging religious and racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* ("Title VII"), a violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000(bb) *et seq*. ("RFRA"), and violation of his First Amendment rights. First Amended Complaint ("FAC") [Docket No. 16]. Defendant moved to dismiss the First Amendment and RFRA claims on the grounds that they were precluded by Title VII, which provides the exclusive remedy for discrimination in federal employment. [Docket No. 19]. The court dismissed the RFRA claim with prejudice, but granted Plaintiff leave to amend the First Amendment claim to the extent he could assert a constitutional claim that was distinct from his Title VII claim. [Docket No. 27]. The court otherwise dismissed Plaintiff's First Amendment claim with prejudice to the extent it was based on discrimination in his federal employment due to his religious beliefs or activities. *Id*.

  Plaintiff subsequently filed his Second Amended Complaint ("SAC"), alleging religious and racial discrimination and retaliation in violation of Title VII, and violation of his First Amendment rights to free exercise of his religion, free speech and freedom of association.

[Docket No. 29].

Defendant now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the First Amendment claim. Def's. Partial Motion to Dismiss ("MTD") [Docket No. 29]. Defendant argues that Plaintiff has failed to plead a First Amendment claim that is distinct from his Title VII claims. *Id.* Having considered the parties' briefs and oral argument, the court **GRANTS** Defendant's motion. Plaintiff's First Amendment claim is dismissed with prejudice.

## I. FACTUAL BACKGROUND

The following facts are set forth in Plaintiff's SAC and accepted as true for the purposes of this Rule 12(b)(6) motion. Plaintiff, an African American man, is a Baptist Christian and a gospel minister. He worked at the San Francisco Maritime National Historic Park as a maintenance worker from May 2012 until his termination in March 2014. In late November 2013, Plaintiff met with management officials. Among other things, Plaintiff complained that he had been told that he could not display a Bible that he read on his breaks, although other employees were not questioned about the reading materials that they kept for their break times. On November 23, 2013, while on a break and out of uniform, Plaintiff performed a baptism in the seashore adjoining the park. On his next work day, Plaintiff's supervisor interrogated Plaintiff about the baptism, and questioned him extensively about his religion. Plaintiff's supervisor asked Plaintiff what faith he followed, what he was called at church, and whether he would baptize someone again. Plaintiff replied that he would never baptize anyone while on the job or in his parks service uniform. However, to the extent Plaintiff's supervisor asked if Plaintiff would baptize someone under other circumstances, Plaintiff replied: "I'm a minister of the gospel, and there's a wide ocean out there, what do you think I would do." On January 28, 2014, Plaintiff's employer issued a Notice of Proposed Termination, followed by a termination decision on March 10, 2014. The final agency decision noted that Plaintiff was terminated for performing a baptism at Aquatic Park.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.

1995).  When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### III. ANALYSIS

#### A. First Amendment and Title VII

As discussed in this court's prior order, Title VII provides the sole remedy for discrimination in federal employment. *See Holly v. Jewell*, No. 16-CV-00011-DMR, 2016 WL 3670003, at *3-4, --- F. Supp. 3d ---- (N.D. Cal. July 11, 2016) (discussing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825 (1976)).  Accordingly, where a federal employee alleges non-Title VII claims based on the same "factual predicate" or discrimination underlying a Title VII claim, the Ninth Circuit has held that Title VII precludes such claims. *Nolan v. Cleland*, 686 F.2d 806, 815 (9th Cir. 1982).  In *Nolan*, the plaintiff claimed that she was forced to resign from her employment because of sex discrimination.  In addition to her claims for relief under Title VII, the plaintiff contended that her involuntary resignation was caused by the defendant's deceit, coercion and duress, which constituted a taking of a property interest in violation of her due process rights.  The Ninth Circuit affirmed the dismissal of her constitutional claim, holding that Title VII provided the exclusive remedy, because "the factual predicate for [the plaintiff's] due process claim [wa]s the

3

1    discrimination which [wa]s the basis of her Title VII claim." *Id.* at 814-15.

2    However, the Ninth Circuit has also recognized that highly personal tortious conduct such
3    as defamation or assaultive behavior, as well as certain constitutional violations, may fall outside
4    the umbrella of discrimination in federal employment, and therefore may not be precluded by Title
5    VII. *See Brock v. United States*, 64 F.3d 1421, 1423–24 (9th Cir. 1995) ("Title VII is not the
6    exclusive remedy for federal employees who suffer 'highly personal' wrongs, such as defamation,
7    harassing phone calls, and physical abuse); *Faculty Members at Middle E. Sch. v. Donovan*, No.
8    15-CV-03974-BLF, 2016 WL 1535080, at *8-9 (N.D. Cal. Apr. 15, 2016) ("a constitutional claim
9    may be based on the same set of facts that support a Title VII claim as long as the alleged
10   unconstitutional action is not employment discrimination"), *appeal dismissed* (June 13, 2016),
11   (citing *Arnold v. United States,* 816 F.2d 1306, 1311 (9th Cir. 1987)).

12   Plaintiff concedes that he is not alleging a highly personal violation. Opp. to Mot. at 5:7-
13   19 [Docket No. 31]. Therefore, the court focuses on whether Plaintiff has alleged facts sufficient
14   to show that his First Amendment claim is separate from the racial and religious discrimination
15   underlying his Title VII claim.

16   Where courts have concluded that a constitutional claim was not precluded by Title VII,
17   the alleged unconstitutional conduct was sufficiently different and distinct from the discriminatory
18   conduct underlying the Title VII claim. For example, in *Ethnic Employees of Library of Congress*
19   *v. Boorstin*, 751 F.2d 1405 (D.C. Cir. 1985), the plaintiff was "an organization of Library
20   employees dedicated to promoting non-discriminatory treatment of ethnic and racial minorities at
21   the Library." *Id.* at 1407. The plaintiff alleged that the Library violated Title VII by asserting a
22   regulation to justify withdrawal of official recognition of the organization, while not requiring
23   other organizations whose members did not belong to protected groups to adhere to the same
24   regulation. *Id.* at 1417. The plaintiff also asserted constitutional violations. The D.C. Circuit held
25   that Title VII precluded the constitutional claims to the extent that they restated claims of racial,
26   ethnic, or other discrimination or retaliation cognizable under Title VII. *Id.* at 1415. However, the
27   court concluded that Title VII did not preclude other constitutional claims, such as the allegation
28   that the Library had punished the plaintiff organization and its members for their constitutionally

protected criticisms of library policies, and had forced the organization to disclose its membership list as a condition of official recognition. *Id*. The court held that such allegations fell outside the scope of Title VII, and that nothing in the history of Title VII suggested that Congress intended to prevent federal employees from suing their employers for constitutional violations against which Title VII provides no protection at all. *Id.*

Similarly, in *Ray v. Nimmo,* 704 F.2d 1480, 1485 (11th Cir. 1983), the plaintiff alleged that the Veterans Administration Medical Center (VAMC) discriminated against her based on her age and gender when it denied her a promotion. She also asserted that the VAMC had violated her Fifth Amendment due process rights by failing to follow its own plans and regulations. The court held that her constitutional claim was distinct from and therefore was not precluded by her Title VII claim, because it was not based on discrimination. Instead, it challenged the deprivation of her protected property interest without due process based on the VAMC's failure to abide by the terms of its merit promotion rules.

Unlike *Ethnic Employees of Library of Congress* and *Ray*, Plaintiff has not asserted a First Amendment violation that is distinct from his claim that he suffered employment discrimination and retaliation based on his religion. The conduct that forms the basis of Plaintiff's First Amendment claim is the same conduct that Plaintiff alleges was retaliatory and discriminatory. At the hearing, Plaintiff's counsel confirmed that Paragraph 71 of the SAC crystallizes Plaintiff's First Amendment claim. Paragraph 71 alleges that Plaintiff was "subjected to investigation and interrogation regarding his religious faith and practices by the Agency" when his employer inquired about his religious faith and practices that he engages in outside of his employment and suggested that he should not be engaging in religious practices central to his faith. SAC at ¶ 71. This is the same conduct described in his retaliation claim wherein he states that he was interrogated by his supervisor about "his religious activity of baptizing an individual" a week after he inquired about the Agency's policy regarding reading religious materials. SAC at ¶¶ 57-58. Indeed, Plaintiff's First Amendment claim "repeats" and "re[-]alleges" all facts supporting his Title VII claims, which further demonstrates that his First Amendment claim is based on the same conduct or wrongs as his Title VII claims.

5

Applying *Nolan*, Plaintiff's First Amendment is therefore precluded by Title VII. Defendant's motion to dismiss Plaintiff's First Amendment claim is granted. As Plaintiff has already had an opportunity to amend his First Amendment claim to address this deficiency, the court finds that further attempts at amendment would be futile, and therefore dismisses Plaintiff's First Amendment claim with prejudice.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motion is **GRANTED**. Plaintiff's First Amendment claim is dismissed with prejudice. Defendant's request for judicial notice of the Final Agency Decision [Ex. A to Docket No. 30] is denied as moot.

**IT IS SO ORDERED.**

Dated: January 3, 2017



Donna M. Ryu
United States Magistrate Judge